UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENERICK LEE, ) <br> ) <br> Defendant. ) | Cause No. 1:17-cr-0128-RLY-TAB <br><br> - 02 |

**REPORT AND RECOMMENDATION**

On September 18, 2025, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on March 27, and May 14, 2025. Defendant appeared in person with his appointed counsel William Dazey. The United States appeared by Peter Blackett, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant of his rights and provided him with a copy of the petitions. Defendant orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant admitted to violation numbers 2, 3, and 4. [Docket No. 160.] The Government orally moved to withdraw the remaining violations, which motion was granted by the Court; violations 1, 5, and 6 dismissed.

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."** |
| | Mr. Lee failed to report his contact with law enforcement to his probation officer within 72 hours of his arrest on March 16, 2025. |
| 3 | **"You shall not knowingly leave the judicial district without the permission of the court or probation officer."** |
| | Mr. Lee traveled outside the jurisdiction of the Southern District of Texas without permission from his probation officer. |
| 4 | **"You shall not knowingly leave the judicial district without the permission of the court or probation officer."** |
| | Mr. Lee failed to make restitution payments toward his outstanding balance since the time of his release in September 2024. The current balance is $41,327.55. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is V.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 7 to 13 months' imprisonment.

5. The parties jointly recommended a sentence of 16 months' imprisonment with no supervised release to follow. Defendant requested placement at a facility closest to Houston, Texas.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e) and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or her designee for a period of 16 months with

no supervised release to follow. The Magistrate Judge will make a recommendation of placement at a facility closest to Houston, Texas, and that Defendant receive credit for time served in federal custody. Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

So RECOMMENDED.

Date: 09/22/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system